LANDRIEU, J.,
CONCURS WITH REASONS
It This case presents a-conflict between the right of the State to present all relevant evidence necessary to prove its case and the right of the defendant (in this instance, a juvenile) to counsel of his choice. As the Louisiana Supreme Court has held:
“... [Depriving a party of his choice of counsel is a penalty that must not be imposed without careful consideration. In civil matters as well as criminal matters, the right to counsel includes the right to legal representation of one’s choice. This right is “one of constitutional dimensions and should be freely exercised without impingement.” .... This right can be overridden only if it can be *103 proven that there is a compelling reason to do so.
Disaster Restoration Dry Cleaning, L.L.C. v. Pellerin Laundry Mach. Sales Co., Inc., 2005-0715, pp. 12-13 (La. 4/17/06), 927 So.2d 1094, 1101 (Citations omitted).
Under the circumstances presented here, the State failed to show that it coüld not obtain the evidence necessary to prove its case without the testimony of the defendant’s counsel, which'might have presented a compelling reason sufficient to override the juvenile’s right to -continue with the counsel of his choice. On this basis, I concur in the granting of the writ application and the reversal of the trial court’s ruling disqualifying the defendant’s counsel.
LOBRANO, J., DISSENTS FOR THE REASONS ASSIGNED BY BELSOME, J.